# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GILBERT BLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.  1:05CV02143 (HHK) |
| | ) |
| SECRETARY OF THE ARMY, | ) ECF |
| | ) |
| Defendant. | ) |
| | ) |

## DEFENDANT'S MOTION TO DISMISS, IN PART, AND FOR SUMMARY JUDGMENT

Defendant hereby moves to dismiss Plaintiff's Complaint, in part, pursuant to Rules

12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for lack of subject matter

jurisdiction and failure to state a claim upon which relief can be granted.  Defendant moves for

summary judgment on Plaintiff's remaining claims pursuant to Rule 56 of the Federal Rules of

Civil Procedure because there is no genuine issue as to any material fact and Defendant is

entitled to judgment as a matter of law.  In support of this motion, Defendant respectfully

submits the attached memorandum of points and authorities, statement of material facts not in

genuine dispute[1], administrative record, and a proposed order.

---

[1]  To the extent that the Court may rely on matters outside of the pleadings, the Court may enter
summary judgment in favor of the defendants. See Fed. R. Civ. P. 12(b);  56.  Plaintiff should
take notice that any factual assertions contained in the documents in support of this motion will
be accepted by the Court as true unless the plaintiff submits his own affidavit or other
documentary evidence contradicting the assertions in the documents.  See Neal v. Kelly, 963
F.2d 453, 456-57 (D.C. Cir. 1992), Local Rule 7(h); 56.1 and Fed. R. Civ. P. 56(e), which
provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall
> set forth such facts as would be admissible in evidence, and shall show
> affirmatively that the affiant is competent to testify to the matters stated therein.
> Sworn or certified copies of all papers or parts thereof referred to in an affidavit

Respectfully submitted,

/s/
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

/s/
R. CRAIG LAWRENCE, D.C. Bar # 171538
Assistant United States Attorney

/s/
KEVIN ROBITAILLE
Special Assistant United States Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C. 20530
202-353-9895

Of Counsel:

Major Rebecca E. Ausprung
U.S. Army Litigation Division
901 N. Stuart Street, Suite 400
Arlington, Virginia 22203-1837

---

shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **GILBERT BLAND,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 1:05CV02143 (HHK)** |
| | ) | |
| **SECRETARY OF THE ARMY,** | ) | **ECF** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
## DEFENDANT'S MOTION TO DISMISS, IN PART, AND FOR SUMMARY JUDGMENT

Defendant files this Memorandum in support of Defendant's Motion to Dismiss, in part, and for Summary Judgment. Plaintiff's Complaint should be dismissed, in part, pursuant to Fed. R. Civ. P. 12(b)(1) on the ground that the Court lacks subject matter jurisdiction over Plaintiff's mandamus claim. Additionally, Plaintiff's Complaint should be dismissed, in part, pursuant to Fed. R. Civ. P. 12(b)(6) as Plaintiff has failed to state a claim upon which relief can be granted because his claims regarding correction board decisions from 1978 through 1983 are barred by the statute of limitations, and his claim for reinstatement or, in the alternative, an honorable discharge, is nonjusticiable. Finally, Defendant is entitled to judgment as a matter of law on Plaintiff's remaining claims pursuant to Fed. R. Civ. P. 56 because there is no genuine issue as to any material fact. Defendant's statement of material facts not in genuine dispute and the Administrative Record ("AR") support this memorandum.

## I. INTRODUCTION

Plaintiff enlisted in the United States Army on June 28, 1968. AR 1. During his three years in the Army, Plaintiff went Absent Without Leave ("AWOL") four times, and was absent

for a total of 340 days. AR 53. Court-martial charges were preferred against Plaintiff for the offense of AWOL, and he voluntarily requested discharge for the good of the service in lieu of trial by court-martial under the provisions of Army Regulation ("Army Reg.") 635-200, Chapter 10 ("Chapter 10"). AR 90-91. On August 31, 1971, Plaintiff's request was granted, and he was discharged from the Army with an Other Than Honorable Discharge. AR 51.

In February 1974, Plaintiff first applied to have his discharge upgraded before the Army Discharge Review Board ("ADRB"), but his request was denied. AR 98-105. Plaintiff applied again to the ADRB in April 1977 under the Department of Defense ("DOD") Special Discharge Review Program ("SDRP"). AR 114-127. The ADRB recommended upgrading Plaintiff's discharge to General, Under Honorable Conditions, however, that recommendation was later rejected by the ADRB under the SDRP approval process in June 1978. AR 128-173. Plaintiff thereafter filed an application with the ADRB in January 1982, but that request for upgrade was denied. AR 224-280. Plaintiff filed applications with the Army Board for Correction of Military Records ("ABCMR") in January 1975, December 1978, February 2000, and September 2003. AR 106-113; 174-223; 281-303; 304-315. All of those applications for relief were also denied. Id.

Plaintiff has filed the instant action pursuant to Article 138 of the Uniform Code of Military Justice ("U.C.M.J."); 10 U.S.C. § 838; 10 U.S.C. §§ 1552, 1553; the Fifth and Sixth Amendments to the United States Constitution; the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2); Chapter 10 of Army Regulation ("Army Reg.") 635-200; 28 U.S.C. § 1331(a); the Mandamus Act, 28 U.S.C. § 1361; and the Declaratory Judgment Act, 28 U.S.C. § 2201, 2202. Complaint ("Compl.") p. 2.

## II. **SUMMARY OF THE ARGUMENT**

Plaintiff seeks mandamus, asking this Court to order the Defendant to reinstate him or, in the alternative, issue him an honorable discharge. However, the Court lacks subject matter jurisdiction over Plaintiff's mandamus claim. Plaintiff does not have a clear right to the relief sought, and the Defendant does not have a clear, non-discretionary duty to provide him the relief he seeks. Moreover, Plaintiff has other adequate remedies, to include relief under the Administrative Procedure Act, 28 U.S.C. §§ 701-706. Accordingly, the Court lacks subject matter jurisdiction over Plaintiff's mandamus claim, and it should be dismissed.

Plaintiff has filed a multitude of challenges to his discharge through the administrative process over the past thirty years, the majority of those applications being filed over twenty years ago. Plaintiff now seeks to challenge the 1978 and 1983 decisions of the ADRB, and the 1980 decision of the ABCMR. Plaintiff fails to state a claim upon which relief can be granted as to these claims as they are barred by the applicable six-year statute of limitations. Plaintiff's ability to challenge these decisions expired, at the very latest, sixteen years ago. Because the Statute of Limitations is a condition on the government's waiver of sovereign immunity the Court lacks jurisdiction over these claims. These claims should therefore be dismissed.

Plaintiff requests that this Court order the Defendant to reinstate him or, in the alternative, to issue him an honorable discharge certificate. These are nonjusticiable claims. Manning and composition of the force, as well as personnel administration matters, are professional military decisions reserved to the executive, not judicial, branch of government. Plaintiff's claim that the Defendant be compelled to reinstate him in service, or issue him an

3

honorable discharge, despite his repeated misconduct, is nonjusticiable. Therefore, Plaintiff has failed to state a claim upon which relief can be granted, and this claim should be dismissed.

Finally, Plaintiff's challenges to the 2000 and 2004 decisions of the ABCMR lack merit. The Administrative Record clearly demonstrates that the ABCMR acted reasonably and lawfully in denying Plaintiff's requested relief. Plaintiff has been given repeated opportunities to have his claims heard, and each claim was carefully considered and appropriately rejected. Plaintiff cannot demonstrate that the ABCMR's decisions were arbitrary, capricious, or contrary to law, therefore the Court should enter judgment in favor of the Defendant on these claims.

Moreover, a remand to the correction board would be inappropriate in this case because Plaintiff's underlying wrongful discharge claim is wholly without merit. The Administrative Record demonstrates that Plaintiff received all appropriate process in connection with his discharge, and his characterization of service was appropriate. Thus, the Court should grant judgment in favor of the Defendant without any further consideration of these claims.

## III. STATEMENT OF FACTS

We respectfully refer the Court to Defendant's Statement of Material Facts to Which There is No Genuine Dispute filed simultaneously herewith.

## IV. ARGUMENT

**A.    Standard of Review on a Motion to Dismiss.**

4

## 1. Lack of Subject Matter Jurisdiction

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), the Plaintiff bears the burden

of establishing that the court has subject matter jurisdiction. Dist. of Columbia Ret. Bd. v.

United States, 657 F. Supp. 428, 431 (D.D.C. 1987). In considering a motion to dismiss for lack

of subject matter jurisdiction, the court accepts as true all material factual allegations in the

complaint. Hohri v. United States, 782 F.2d 227, 241 (D.C. Cir. 1986), vacated on other

grounds, 482 U.S. 64 (1987). In addition, a court may consider such materials outside the

pleadings as appropriate to resolve the question whether it has jurisdiction to hear the case. See

Herbert v. Nat'l. Academy of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992); Haase v. Sessions,

835 F.2d 902, 906 (D.C. Cir. 1987); Borg-Warner Protective Servs. Corp. v. EEOC., 81 F. Supp.

2d 20, 23 (D.D.C. 2000).

## 2. Failure to State a Claim

A Plaintiff must state a claim upon which relief can be granted. District of Columbia

Retirement Bd. v. United States, 657 F. Supp. 428, 433 (D.D.C. 1987). A court must accept the

allegations of the complaint as true in determining whether to grant a Rule 12(b)(6) motion to

dismiss for failure to state a claim. Scolaro v. D.C. Bd. of Elections and Ethics, 104 F. Supp. 2d

18, 22 (D.D.C. 2000). See, e.g., Croixland Properties Ltd. Partnership v. Corcoran, 174 F.3d 213,

215 (D.C. Cir.1999). All reasonable inferences must be drawn in favor of the Plaintiff, and a

court should only dismiss a complaint for failure to state a claim "'if it is clear that no relief

could be granted under any set of facts that could be proved consistent with the allegations.'" Id.

(quoting Hishon v. King & Spalding, 467 U.S. 69, 73(1984)); see also Price v. Crestar Secs.

Corp., 44 F.Supp.2d 351, 353 (D.D.C.1999). A court "does not test whether the Plaintiff will

prevail on the merits, but instead whether the claimant has properly stated a claim." Price at 353.

**B.    The Court Lacks Subject Matter Jurisdiction Over Plaintiff's Mandamus Claim.**

Plaintiff attempts to invoke jurisdiction of the Court under the Mandamus Act, 28 U.S.C.

§ 1361. Compl. p. 2. Plaintiff asks that this Court order the Defendant to reinstate him or, in the

alternative, issue him an honorable discharge certificate. Compl. p. 21. Plaintiff has failed to set

forth the necessary prerequisites for mandamus relief in his complaint. "The mandamus remedy

is an extraordinary one, and it is to be utilized only under exceptional circumstances..." Haneke

v. Secretary of Health, Education and Welfare, 535 F.2d 1291 (D.C. Cir. 1976).

To qualify for mandamus relief, Plaintiff must show: 1) a clear right to the relief sought;

2) the defendant has a clear duty to act; and 3) the absence of any other adequate remedy. Swan

v. Clinton, 100 F.3d 973, 977 (D.C. Cir. 1996) (quoting American Cetacean Society v. Baldridge,

768 F.2d 426, 433 (D.C. Cir. 1985); Atlantic Tele-Network Inc. v. Inter-American Development

Bank, 251 F. Supp. 2d 126, 131 (D.D.C. 2003). Furthermore, the Defendant's duty to act must

be clear, ministerial and non-discretionary. NTEU v. Bush, 715 F.Supp. 405, 407 (D.D.C. 1989).

Plaintiff does not have a clear right to the relief he seeks. The composition of the force is

one of the most fundamental military decisions. Courts simply are not competent to "detemin[e]

who is fit or unfit to serve in the armed forces." Heisig v. United States, 719 F.2d 1153, 1156

(Fed. Cir. 1983). In Cargill v. Marsh, 902 F.2d 1006 (D.C. Cir. 1990), the Court of Appeals for

the District of Columbia Circuit held that a service member's petition seeking writ of mandamus

to compel the Army to reassign him from the Judge Advocate General's Corps to the Army's

Corps of Engineers was nonjusticiable as the order to grant transfer would require the court to

second-guess the Army's decision on how to allocate military personnel. Likewise, an order by this Court that the Defendant reinstate Plaintiff would intrude upon a military decision regarding the composition of the force. Plaintiff cannot demonstrate he has a clear right to the relief he seeks, therefore he has failed to satisfy the first prerequisite for mandamus relief.

Furthermore, Plaintiff has failed to show that the Defendant has a clear, ministerial, non-discretionary duty to perform any acts other than those already performed on his behalf. The characterization of a service members discharge is the very essence of a discretionary military decision. See, e.g., Gilligan v. Morgan, 413 U.S. 1 (1973). Plaintiff cannot demonstrate that any military official has a duty to confer upon him an honorable discharge, particularly in light of Plaintiff's repeated indisciplines while in military service. As the characterization of a service member's discharge is a wholly discretionary military decision, Plaintiff fails to meet the second prerequisite for mandamus relief.

Finally, Plaintiff has another adequate remedy which precludes the availability of mandamus relief. Plaintiff has the ability to obtain relief from this Court under the APA. Given the existence of relief under the APA, mandamus relief is unavailable.

Plaintiff has failed to establish a clear right to the relief sought, or that the Defendant had a non-discretionary duty to provide the relief he seeks, therefore mandamus is improper. The Court therefore lacks subject matter jurisdiction over Plaintiff's mandamus claim, and that claim should be dismissed.

**C.**     **Plaintiff's Challenges to the 1978 and 1983 ADRB decisions and the 1980 Decision of the ABCMR are Barred by the Statute of Limitations.**

7

Plaintiff has filed copious applications to upgrade his discharge over the past thirty years. Despite his ongoing displeasure with the reviews he has received by the corrections boards, he has chosen not to vindicate his rights on the majority of those decisions for nearly two decades. Plaintiff's challenges to the 1978 and 1983 decisions of the ADRB, and the 1980 decision of the ABCMR[1] are barred by the applicable six-year statute of limitations, which provides that "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action accrues." 28 U.S.C. § 2401(a). "[Section] 2401 is a jurisdictional condition attached to the government's waiver of sovereign immunity, and as such must be strictly construed." Spannus v. Dept. of Justice, 824 F.2d 52, 55 (D.C. Cir. 1987).

Plaintiff challenges the October 25, 1978 decision of the ADRB, arguing that the ADRB (1) "failed to find that the Army did not follow its own regulations in properly referring the AWOL charges to a court with the capability of imposing a 'punitive discharge'" and (2) the board's decisional document misstates whether his separation physical mentioned his 'illness'. Compl. p. 8-9. Plaintiff's opportunity to raise these issues expired in 1984, over twenty years ago. Just a little over a month after the ADRB's decision, on December 12, 1978, Plaintiff filed a lengthy application with the ABCMR raising these objections to the decision of the ADRB. AR 174-200. Plaintiff was clearly aware of the decision and displeased with the outcome, yet he chose not to file suit within the applicable limitations period. This claim is therefore barred.

---

[1]Plaintiff does not articulate specific claims regarding the May 3, 1974 or June 8, 1977 decisions of the ADRB, or the March 24, 1975 decision of the ABCMR. However, if the Court liberally construes Plaintiff's complaint as raising such claims, they are likewise barred by the statute of limitations for the reasons set forth herein.

Plaintiff also challenges the January 21, 1983, decision of the ADRB[2].  Compl. p. 11-12. The statute of limitations expired on Plaintiff's ability to raise this claim in January 1989. Plaintiff's opportunity to raise this claim expired nearly seventeen years ago and is likewise barred.

Finally, Plaintiff challenges the August 27, 1980 decision of the ABCMR.  Compl. pp. 9-10.  Plaintiff contends that the board misstated that he had pled guilty to an offense in his request for discharge, and that he received a mental checkup at the time of his discharge.  Plaintiff could have challenged that decision over the course of the next six years; he was even represented by counsel from the National Veteran's Law Center.  AR 202.  However, Plaintiff chose to sit on his rights and cannot now seek to vindicate them.  The statute of limitations on his claim regarding the 1980 decision of the ABCMR expired in August 1986, nearly twenty years ago, and is therefore barred.

Plaintiff's challenges to the 1978 and 1983 decisions of the ADRB and the 1980 decision of the ABCMR are barred by the statute of limitations, thus they fail to state a claim upon which relief can be granted and should be dismissed.  Because the statute of limitations is a condition on the government's waiver of sovereign immunity, the Court lacks jurisdiction over these claims.  Spannus, 824 F.2d 52, 55 (D.C. Cir. 1987)

---

[2]Plaintiff challenges the December 23, 1982, decision of the ADRB, contending that the board conducted its review without reviewing his military personnel file.  Compl. p. 11.  The ADRB did not make a decision on December 23, 1982, rather the Office of the Assistant Secretary of Defense (Manpower, Reserve Affairs and Logistics) ("DASD (MP&FM)") conducted a review of his complaint which they provided to the ADRB.  AR 248-250.  DASD (MP&FM) is not a correction board, therefore their review of the complaint is not statutory or governed by Army regulation.  Moreover, their review of the complaint was not final agency action.  Regardless however, any claims regarding this review are barred by the statute of limitations, which expired in December 1988.

**D.    Plaintiff's Claim for Reinstatement or, in the Alternative, an Honorable Discharge, is Nonjusticiable.**

Plaintiff's request that this Court order the Defendant to reinstate him or, in the alternative, issue him an honorable discharge, is nonjusticiable.  The United States Supreme Court has admonished lower courts to be extremely reluctant to interfere with the military's exercise of discretion in internal military matters, especially when adjudicating matters involving discipline, morale, composition of the force, and personnel matters.  See, e.g., Goldman v. Weinberger, 475 U.S. 503 (1986); Gilligan v. Morgan, 413 U.S. 1 (1973); Orloff v. Willoughby, 345 U.S. 83 (1953)(the military constitutes a separate discipline from that of the civilian: "Judges are not given the task of running the Army . . . . Orderly government requires that the judiciary be as scrupulous not to interfere with legitimate Army matters as the Army must be scrupulous not to intervene in judicial matters.")  Consequently, "[u]nless Congress specifically has provided otherwise, courts traditionally have been reluctant to intrude upon the authority of the Executive in military and national security affairs."  Department of the Navy v. Egan, 484 U.S. 518, 530 (1988).  The federal courts "are ill-equipped to determine the impact upon discipline that any particular intrusion upon military authority might have."  Chappell v. Wallace, 462 U.S. 296, 305 (1983).  The Constitution entrusts regulation and control of the military to the legislative and executive branches of the Government.

In Baker v. Carr, 369 U.S. 186, 217 (1962), the Supreme Court held that federal courts lacked jurisdiction to decide issues reserved by the Constitution to the other branches of government.  See also Goldwater v. Carter, 444 U.S. 996, 998 (1979).  For the Court to order the Defendant to reinstate Plaintiff or issue him an honorable discharge, the court would need to

10

intervene in the management and control of the military, areas constitutionally reserved to the executive and legislative branches of government. Gilligan, 413 U.S. at 7, accord, Chappell v. Wallace, 462 U.S. 296, 301 (1983); See also Kreis v. Secretary of the Air Force, 866 F.2d 1508, 1511 (D.C. Cir. 1989). As such, Plaintiff's request for such an order is nonjusticiable.

Few decisions are more central to "running the Army" than determining whether a soldier should be discharged, and how their service should be characterized. This Court should therefore refrain from directing the Army's decision on how to characterize a soldier's service, which clearly involves the "complex, subtle and professional decisions as to the composition, training, equipping, and control of [the] military force." Gilligan, 413 U.S. at 10.

Plaintiff's claim for reinstatement or, in the alternative, an honorable discharge, fails to state a claim upon which relief can be granted and should therefore be dismissed.

**E.     The Court Should Grant Summary Judgment in Favor of the Defendant as There is No Genuine Issue of Material Fact.**

**1.     Standard of Review for Summary Judgment.**

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Diamond v. Atwood, 43 F.3d 1538, 1540 (D.C. Cir. 1995); Molerio v. FBI, 749 F.2d 815, 823 (D.C. Cir. 1984). Where no genuine dispute exists as to any material fact, summary judgment is required. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

A genuine issue of material fact is one that could change the outcome of the litigation. Id. at 247. "The burden on the moving party may be discharged by 'showing' - - that is, pointing out to the [Court] - - that there is an absence of evidence to support the non-moving party's case." Celotex, at 325. Once the moving party has met its burden, the non-movant may not rest on mere allegations, but must instead proffer specific facts showing that a genuine issue exists for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Thus to avoid summary judgment, the Plaintiff must state specific facts or present some objective evidence that would enable the court to find he is entitled to relief.

In an opinion issued the same day as Celotex, the Supreme Court explained the circumstances in which summary judgment is appropriate:

> If the evidence is merely colorable . . . or is not sufficiently probative . . . summary judgment may be granted . . . [T]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

Anderson v. Liberty Lobby, Inc., 477 U.S. at 252. Unsupported speculation is not enough to defeat a summary judgment motion; the existence of specific material evidentiary facts must be shown. Fed. R. Civ. P. 56(e)(the nonmoving party may not rest on mere allegations but "must come forward with 'specific facts showing there is a genuine issue for trial."). See also Hayes v. Shalala, 902 F.Supp. 259, 263 (D.D.C. 1995)(opposition to summary judgment must consist of more than mere unsupported allegations or denials); Johnson v. Digital Equip. Corp., 836 F.Supp. 14, 18 (D.D.C. 1993)(evidence that is merely colorable or not sufficiently probative is insufficient to defeat summary judgment); Batson v. Powell, 912 F.Supp. 565, 578 (D.D.C. 1996) aff'd 203 F. 3d 51 (D.C. Cir 1999).

12

In <u>Celotex</u>, the Supreme Court further instructed that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" 477 U.S. at 327, <u>quoting</u> Fed. R. Civ. P. 1.

### 2.    <u>Review Is Limited Under the Administrative Procedure Act</u>.

To prevail in this Court, Plaintiff must "overcome the strong, but rebuttable, presumption that administrators of the military, like other public officers, discharge their duties correctly, lawfully, and in good faith." <u>Frizelle v. Slater</u>, 111 F.3d 172, 177 (D.C. Cir 1997) (<u>quoting</u> <u>Sanders v. United States</u>, 594 F.2d 804, 813 (Cl. Ct. 1979)). To rebut this presumption, Plaintiff must establish through "cogent and clearly convincing evidence" that the ABCMR's findings were arbitrary, capricious, unsupported by substantial evidence, or contrary to law or regulations. <u>McDougall v. Widnall</u>, 20 F.Supp. 2d 78, 82 (D.D.C. 1998). Due to this very high standard, only the most egregious agency decisions do not satisfy this very deferential standard of review. <u>Kreis v. Air Force</u>, 866 F.2d 1508, 1515 (D.C. Cir. 1989).

In reviewing an agency's action under the APA standard, the Court is limited to reviewing the administrative record that was in front of the agency when it made its decision, <u>Commercial Drapery v. United States</u>, 133 F.3d 1, 7 (D.C. Cir. 1998), and it "will not disturb the decision of an agency that has examined the relevant data and articulated a satisfactory explanation for its action including a rational connection between the facts found and the choice made." <u>MD Pharmaceutical, Inc. v. Drug Enforcement Administration</u>, 133 F.3d 8, 16 (D.C. Cir. 1998). The explanation for its action "does not mean that an agency's decision must be a model

13

of analytic precision to survive a challenge." <u>Dickson v. Secretary of Defense</u>, 68 F.3d 1396,

1404 (D.C. Cir. 1995). A reviewing court will "uphold a decision of less than ideal clarity if the

agency's path may reasonably be discerned." <u>Id</u>. Even if reasonable minds might reach differing

conclusions, the court is not empowered to substitute its judgment for that of the agency.

<u>U.S.P.S. v. Gregory</u>, 534 U.S. 1, 11 (2001).

### 3.   The ABCMR's August 2000 Decision Fully Considered Plaintiff's Claims and Properly Found that No Relief Was Warranted.

The ABCMR in its August 2000 decision gave full consideration to each of Plaintiff's

claims and properly concluded that no relief was warranted.  Plaintiff argued to the board that

his AWOL could not have been wilful because he had been suffering from depression and Post

Traumatic Stress Disorder ("PTSD"). AR 288. The board conducted a thorough review of

Plaintiff's service record, and the medical records provided by Plaintiff, and found that this claim

lacked merit.

The ABCMR found nothing in Plaintiff's service or medical records that established his

conduct was not wilful. The board acknowledged that Plaintiff had complained of

depression/nervousness during his separation physical, with no further elaboration, but found

there was no evidence that this was not the result of his impending separation. AR 285.

Additionally, the board found that Plaintiff's report during his separation physical that he had

experienced a recent weight loss or gain, again with no further elaboration, was likely caused by

the bacterial enterocolitis Plaintiff had experienced in Vietnam. <u>Id</u>.

Additionally, the board found additional evidence, provided by Plaintiff himself, that

contradicted his assertion that his conduct was not wilful. The board specifically noted a letter

14

from Plaintiff's mother which stated that he had been capable of obtaining civilian work while he was AWOL.  Id.  While Plaintiff was AWOL from his military duties, he obtained employment, was paid for that employment, and only returned to military control when he was apprehended by the authorities.  These facts directly contradict Plaintiff's assertion that he was suffering from a mental illness to such a degree that he could not perform his military duties.

The ABCMR also noted that there was nothing in the Diagnostic and Statistical Manual of Mental Disorders IV ("DSM IV") which suggested that individuals suffering from a Major Depressive Episode were unable to distinguish right from wrong.  Id.  Even if Plaintiff was suffering from depression or PTSD at the time of his discharge, this does not compel a conclusion that Plaintiff was not responsible for his conduct, or that his AWOL was not wilful. Many soldiers have experienced adverse consequences from service in combat, yet they have not departed AWOL for 340 days.

The board observed that Plaintiff had voluntarily requested separation from service, and that he had done so in conformance with all applicable regulations.  As noted by the board, Plaintiff could have elected to submit a statement on his own behalf along with his request for discharge, raising any concerns such as depression or nervousness, yet he chose not to do so. Plaintiff's voluntary request for discharge demonstrates Plaintiff was aware of his conduct, and belies any claim his conduct was not wilful[3].

Plaintiff contends that the ABCMR's decision was arbitrary because the board misstated

---

[3]In this application to the ABCMR, Plaintiff did not raise any issue that his Chapter 10 discharge request was not voluntary or that his discharge was improper.  In this application, Plaintiff solely challenged the wilfulness of his conduct in departing AWOL, therefore the ABCMR properly confined their opinion to that issue.

15

that he had admitted to guilt in his request for a Chapter 10 discharge. Compl. p13. The

ABCMR did not find that Plaintiff had admitted to guilt in his Chapter 10 discharge request. The

board noted in its review of the Chapter 10 discharge process that a Chapter 10 discharge request

includes an admission of guilt. AR 284. This brief notation by the board reflects a change that

occurred in 1973 to the format of a Chapter 10 discharge request, which was not required at the

time Plaintiff submitted his request in 1971. See Def. Ex. B. Although the board mistakenly

noted this requirement in its review of the Chapter 10 discharge process, the ABCMR made no

specific finding that Plaintiff had admitted guilt in his request for discharge. Moreover, it is clear

from the board's decision that this played absolutely no part in the board's decision to deny him

relief. This argument by Plaintiff lacks merit and should therefore be rejected.

Finally, the board found that Plaintiff could not have been referred for disability

processing due to the characterization of his discharge. Plaintiff contends that this finding was

arbitrary and capricious because the ABCMR failed to include in its opinion the exception from

Army Reg. 635-40 that if a disability was the cause, or substantial contributing cause of the

misconduct, the soldier can be referred for disability processing. Compl. pp. 13-15. The

ABCMR correctly applied Army Reg. 635-40 to Plaintiff's case. The ABCMR is not required to

state every provision of the regulation when providing a summary of the applicable regulation.

The ABCMR was clearly aware of this provision of the regulation, as the board noted it in its

decision on Plaintiff's case in 2004. AR 307. While it is true that an exception could have been

granted by the Convening Authority at the time of Plaintiff's discharge, no such exception was

granted in his case. Thus, the basic premise of the regulation still applies, and Plaintiff could not

have been referred for disability processing because he was being processed for discharge under a

provision of the regulation for which he could receive, and in fact did receive, an Other Than Honorable discharge. An agency's interpretation of its own regulations is entitled to great deference, and this Court should only reject the agency's interpretation if it is "unreasonable, plainly erroneous, or inconsistent with the regulation's plain meaning." Bar MK Ranches v. Yuetter, 994 F.2d 735, 738 (10th Cir. 1993).

Plaintiff has not demonstrated that the ABCMR's decision was arbitrary and capricious. While he clearly disagrees with the decision, he cannot demonstrate that the board did not examine the relevant data and articulate a satisfactory explanation for its action. Thus, the 2000 decision of the ABCMR was reasonable, lawful and based on substantial evidence. Therefore it should be upheld.

### 4.  The ABCMR's September 2004 Decision Fully Considered Plaintiff's Claims and Properly Found that no Relief was Warranted.

The ABCMR's September 2004 decision once again gave thorough consideration to Plaintiff's claims, and properly determined that relief was not warranted. In this last application, Plaintiff provided additional evidence to the board that he was suffering from PTSD as the result of his service in Vietnam, and argued that he had received erroneous advice from his counsel that led him to request discharge under Chapter 10. AR 310-315. These claims were fully considered and found to be without merit.

Although in his February 2000 application Plaintiff had provided evidence that he was suffering from PTSD as a result of his service in Vietnam, the board treated the excerpt he provided from his Department of Veteran's Affairs ("VA") medical file discussing his PTSD

17

diagnosis as new evidence, and gave him an entirely new consideration of his claims. Every

reasonable inference has been given to Plaintiff, despite the fact that he had already received six

prior correction board decisions, to ensure that he was given the opportunity to have every aspect

of his claim heard.

The ABCMR found that there was no indication in Plaintiff's military records that he was

suffering from PTSD at the time of his discharge or that it was the cause of his misconduct. AR

308. The board gave due consideration to Plaintiff's diagnosis by the VA, however, the board is

not bound by that decision. Moreover, the board was faced with contradictory evidence, such as

the letter from Plaintiff's mother stating that he was able to obtain employment while he was

AWOL[4], which led to the board's conclusion that Plaintiff was not suffering from PTSD to such

a degree that it caused his misconduct. Additionally, the ABCMR noted that the record from the

VA even states that Plaintiff went AWOL because he could not accept that he was being assigned

to Germany. AR 307. Both of these facts belie Plaintiff's claim that his AWOL was caused by

PTSD.

The board further noted that on July 9, 1971, Plaintiff received a complete separation

physical and was found fit for separation. Id. Plaintiff alleges that this conclusion by the

ABCMR was arbitrary and capricious because PTSD was not recognized as a psychiatric

disorder until 1980. Compl. p. 15. PTSD may not have been recognized as a psychiatric

disorder until 1980, however that does not mean that Plaintiff's records would be devoid of any

mention that he suffered from any of the recognized symptoms of the disorder. The ABCMR

---

[4]The ABCMR incorporated by reference the evidence and previous consideration of Plaintiff's
case in its August 2000 decision into the present opinion. AR 306.

searched Plaintiff's records and did not find factual evidence of the symptoms of PTSD. The

ABCMR is not required to simply accept a diagnosis by the VA and award any relief that an

applicant seeks. The ABCMR performed its statutory function of weighing *all* of the evidence,

and made a reasoned decision resolving contradictory facts.

The ABCMR also found that Plaintiff's claim that he had received erroneous advice from

his counsel lacked merit. The board looked to Plaintiff's chapter 10 discharge request, and noted

that Plaintiff acknowledged in his request that he had been advised of his rights by his counsel,

and that he understood the consequences of such a discharge. AR 308. The board searched

Plaintiff's records and found no evidence, aside from Plaintiff's contentions, that he was coerced

in any way.

Plaintiff contends that this decision was arbitrary because the ABCMR's interpretation of

the case he cited to the board, <u>White v. Secretary of the Army</u>, 878 F.2d 501 (D.C. Cir. 1989),

was incorrect. Compl. p. 16. The ABCMR is a board comprised of civilians who have no

particular legal training. 10 U.S.C. § 1552(a). Although the ABCMR incorrectly noted that

<u>White</u> did not apply to requests for discharge under Chapter 10, the board was correct in

concluding that the decision is inapplicable to Plaintiff's case.

In <u>White</u>, the soldier received a Chapter 10 discharge even though the court-martial

charges in his case had been referred to a Special Court-Martial which could not impose a Bad

Conduct or Dishonorable discharge. 878 F. 2d at 503. In this case, Plaintiff's court-martial

charges had not been referred to any court-martial at the time he submitted his request for

discharge. This is completely permissible under Army regulation. As the board noted, Chapter

10 provides that a service member may submit a request for discharge at any time after charges

19

are preferred.[5]  AR 307; Def. Ex. A.

Moreover, in White, the court found that under the facts of that soldier's particular case, he was given erroneous advice regarding his discharge request.  878 F.2d at 503-504.  Notably, the ADRB had concluded that White had received erroneous advice from his counsel, however the board found that the error was harmless.  Id. at 502.  In this case, there is no evidence that Plaintiff received erroneous advice from his counsel; the ABCMR specifically concluded that Plaintiff had not received any erroneous advise from his counsel.  The decision in White is factually contrary to the present case, therefore the ABCMR correctly concluded that it was inapplicable.

Finally, in his most audacious claim, Plaintiff contends that the decision of the ABCMR was arbitrary and capricious because the board relied upon its 2000 decision, even though the board had access to the 2003 diagnosis of PTSD by the VA.  Compl. p. 15.  This argument is utterly without merit.  Plaintiff specifically requested reconsideration of the board's prior denials of relief.  AR 312.  Plaintiff requested reconsideration and then claims it was improper for the board to consider its prior decision.  This claim is not worthy of the Court's time and should be rejected.

The ABCMR properly denied Plaintiff's requested relief as he failed to demonstrate any error or injustice with his discharge.  The 2004 decision of the ABCMR was reasonable, lawful and based on substantial evidence, therefore it should be upheld.

---

[5] Under the Uniform Code of Military Justice "preferal" marks the formal beginning of criminal proceedings where a service member is charged with an offense, similar to a complaint in the Federal system.  See Rule for Courts-Martial 307.  "Referal" is the act of the Court-Martial Convening Authority forwarding the charges to a court for trial, similar to an indictment in the Federal system.

**F.**    **Remand Would be Inappropriate in This Case as Plaintiff's Wrongful Discharge Claim Lacks Merit.**

Remand to the correction board, while the proper remedy for any significant deficiency in a board decision, would be inappropriate in this case because Plaintiff's underlying wrongful discharge claim is completely meritless.

Plaintiff claims that he was wrongfully discharged from the Army because he could not receive a discharge under Army Reg. 635-200, Chapter 10, as his case was not referred to a court-martial authorized to impose a bad conduct or dishonorable discharge. Chapter 10 of Army Reg. 635-200 (July 10, 1969) provided that:

> An individual whose conduct has rendered him triable by court-martial under circumstances which *could* lead to a bad conduct or dishonorable discharge may submit a request for discharge for the good of the service in lieu of trial. The request for discharge may be submitted *at any time* after court-martial charges are preferred against him.

Def. Ex. A at ¶ 10-1 (emphasis added). Thus, under the clear language of the regulation, as long as Plaintiff could have received at least a bad conduct discharge, he was free to request, and be granted, discharge for the good of the service at any time after charges were preferred. It was therefore irrelevant that Plaintiff's charges had not yet been referred to any manner of court-martial.

Plaintiff claims that he only submitted a Chapter 10 discharge request because he was erroneously advised by his counsel that he was facing a Bad Conduct or Dishonorable Discharge. This argument is simply not supported by the evidence. Plaintiff was not unfamiliar with the Chapter 10 discharge process. In December 1970, after the second time that Plaintiff went

21

AWOL, he requested discharge under Chapter 10. AR 83-84. He did so with the advice of

counsel on December 14, 1970. AR 84. This was Plaintiff's third time facing court-martial

charges, second time completing a Chapter 10 discharge request, and his second advisement by

counsel. Plaintiff clearly had a basic understanding of the process.

 Moreover, Plaintiff's claims regarding the advice that he received from counsel have

continued to evolve over the years. In his 1974 application to the ADRB, 1975 application to the

ABCMR, and 1977 application to the ADRB, Plaintiff did not complain of any dissatisfaction

with his counsel or of erroneous advice from his counsel. AR 98-99; 106-107; 114-117. In his

1978 ADRB proceedings, Plaintiff stated he didn't believe he was able to see counsel on an

individual basis, and could not recall if he had asked for individual counseling. AR 159. In

1980, the National Veteran's Law Center submitted a lengthy brief on Plaintiff's behalf to the

ABCMR. In that brief, Plaintiff's counsel again contended that Plaintiff was not given sufficient

opportunity to individually consult with counsel, but did not state he had received erroneous

advice. AR 193-196. Plaintiff's 1982 application to the ADRB did not raise the issue. AR 227-

228. Plaintiff's February 2000 application to the ABCMR does not mention his interaction with

counsel. AR 288-289. It was not until Plaintiff's March 2003 application to the ABCMR, when

he cited the board to the decision in <u>White v. Secretary of the Army</u>, 878 F.2d 501 (D.C. Cir.

1989), that Plaintiff suddenly "recalled" that he was erroneously advised by counsel that he was

facing a bad conduct or dishonorable discharge. AR 314. Plaintiff's thinly veiled attempt to

create a cause of action based upon case law and not upon the facts of his case should be rejected

by this Court.

 Moreover, even if Plaintiff was told by his counsel that he was facing a Bad Conduct or

22

Dishonorable discharge if he went to court-martial, that advice was not erroneous. Plaintiff's case had not been referred to any level of court-martial at the time he made his discharge request, and the maximum punishment for AWOL in excess of thirty days includes a dishonorable discharge. As no determination had been made as to the level of court-martial Plaintiff would face, he was facing a Bad Conduct or Dishonorable discharge.

Plaintiff also alleges that his counsel failed to submit any statements to his command in mitigation along with his Chapter 10 discharge request. Compl. p. 5. It was actually Plaintiff, not his defense counsel, that had the opportunity to submit matters to the command in mitigation, as Plaintiff acknowledged in his Chapter 10 request. AR 90; Def. Ex. A. Plaintiff chose not to submit any matters on his own behalf, and cannot now claim that he was disadvantaged by a lack of mitigating evidence being presented to his command.

Another fact that demonstrates that Plaintiff's request for discharge was voluntary is the fact that he requested excess leave the day before he submitted his request for discharge under Chapter 10 in August 1971. AR 89. After submitting these requests, Plaintiff departed Fort Dix for his home. He apparently did not even return to Fort Dix after that, as notification of the approval of his discharge request had to be mailed to his home. AR 97. Plaintiff clearly believed that he was going to be departing the military, as evidenced by his desire to take excess leave. Plaintiff's contention that he only submitted a Chapter 10 request based upon the erroneous advise of counsel is meritless.

Plaintiff argues that his command was ignorant of his Vietnam war service at the time they decided to issue him an Other Than Honorable discharge. Compl. p. 5. The Administrative Record demonstrates that on July 14, 1971, a Staff Sergeant Kirby from the Personnel Control

23

Facility at Fort Dix telephonically requested a copy of Plaintiff's personnel records from Army

Personnel Command. AR 24. Those records were forwarded to his Commanding Officer

("CO") at Fort Dix that same day. Id. A copy of Plaintiff's Enlisted Qualification Record

contained in the Administrative Record lists Plaintiff's service in Vietnam. AR 20-23. The

command was undoubtably therefore aware of Plaintiff's Vietnam war service. Moreover, with

his request for discharge under Chapter 10, Plaintiff had the opportunity to submit written

matters on his own behalf, yet he chose not to do so. AR 90-91. This claim is therefore also

meritless.

Plaintiff claims that his command was not going to refer his case to a Special Court-

Martial authorized to impose a Bad Conduct Discharge because his Battalion Commander,

Lieutenant Colonel Cook, recommended that he be retained in service. Compl p. 6. Lieutenant

Colonel Cook's recommendation is included in the Administrative Record at page 82. The

recommendation is undated, so it is unclear whether this recommendation was made after the

preferral of the first set of court-martial charges in October 1970, the second set of court-martial

charges in December 1970, or the third set of court-martial charges in July 1971.

There are several factors, however, that suggest Lieutenant Colonel Cook's

recommendation was not made after the final set of court-martial charges which ultimately led to

Plaintiff's discharge from service. First, the transmittal of Plaintiff's Chapter 10 discharge

submitted in August 1971 show that Lieutenant Colonel Cook was not his Battalion Commander

at the time of his discharge, but rather it was Lieutenant Colonel Howard L. Moon. AR 93.

Plaintiff admitted to this fact in his 1978 application to the ABCMR, when he stated that LTC

Moon was the individual who had signed the court-martial charges against him and

24

recommended to the Commanding General of Fort Dix that he be undesirably discharged. AR 178. Plaintiff is well aware that Lieutenant Colonel Cook was not his Battalion Commander at the time of his July 1971 discharge request, therefore his recommendation regarding the disposition of his court-martial charges was inapplicable.

Second, Lieutenant Colonel Cook's recommendation that Plaintiff be retained in service was far more appropriate after Plaintiff had gone AWOL once or twice, as was the case with the first two sets of court-martial charges, than after the fourth time he had gone AWOL. Plaintiff was AWOL for a total of 340 days-nearly an entire year. He did not return from AWOL voluntarily, but rather he had to be apprehended. Plaintiff's contention that his command thought that he should be retained after spending 340 days AWOL is spurious.

Finally, even if Lieutenant Colonel Cook had made this recommendation after Plaintiff's fourth time departing AWOL in July 1971, Lieutenant Colonel Cook was not the final decision-maker in Plaintiff's case. Plaintiff's Chapter 10 request was transmitted through Colonel Charles Weddle, Plaintiff's Brigade Commander. AR 94. Colonel Weddle recommended approval of Plaintiff's Chapter 10 discharge request. If Colonel Weddle had thought that Plaintiff should be retained in service, he could have recommended disapproval of the request. Additionally, Plaintiff's Chapter 10 request was approved by Major General Howard H. Cooksey, the Convening Authority. AR 95. If Major General Cooksey had believed that Plaintiff should have been retained in service, he simply could have disapproved the Chapter 10 request.

Plaintiff has received consideration by seven separate correction boards, spanning over four decades. Plaintiff's contentions have been more than thoroughly considered. There is no need for further reconsideration of Plaintiff's claims-he has received all of the due process to

25

which he is entitled. Plaintiff's claim that he was wrongfully discharged in contravention of

Army regulation is wholly without merit, therefore judgment should be entered in favor of the

United States on this claim.

## V. **CONCLUSION**

For the foregoing reasons, the Defendant respectfully requests that this Court dismiss

Plaintiff's Complaint, in part, as set forth above, and enter judgment in favor of the Defendant on

Plaintiff's remaining claims.

Respectfully submitted,

/s/

KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

/s/

R. CRAIG LAWRENCE, D.C. Bar # 171538
Assistant United States Attorney

/s/

KEVIN ROBITAILLE
Special Assistant United States Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C. 20530
202-353-9895

Of Counsel:

Major Rebecca E. Ausprung
U.S. Army Litigation Division

26

901 N. Stuart Street, Suite 400
Arlington. Virginia 22203-1837

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GILBERT BLAND,                          )
                                        )
        Plaintiff,                      )
                                        )
    v.                                  )    Civil Action No. 1:05CV02143 (HHK)
                                        )
SECRETARY OF THE ARMY,                  )           ECF
                                        )
        Defendant.                      )
_____)

## DEFENDANT'S STATEMENT OF MATERIAL FACTS
## TO WHICH THERE IS NO GENUINE DISPUTE

Pursuant to LCvR 7(h) and in support of Defendant's Motion to Dismiss, in part, and for

Summary Judgment (hereafter "Def. Motion"), Defendant respectfully submits this statement of

material facts as to which there are no genuine dispute. The Administrative Record ("AR")

supports this statement.

1. Plaintiff, Gilbert Bland, enlisted in the United States Army on June 28, 1968 for a

term of three years. AR 1. He completed basic training at Fort Dix, New Jersey in September

1968. AR 53. Plaintiff was then sent to Fort Monmouth, New Jersey, for his Advanced

Individual Training (AIT) in communications electronics. Id.

2. While attending AIT at Fort Monmouth, Plaintiff committed several disciplinary

infractions. On November 22, 1968, Plaintiff left his appointed place of duty without authority,

and received a Summarized Article 15. AR 61-62. Plaintiff received an oral reprimand,

restriction to his company area for 14 days, and extra duties for 14 days. Id. On January 24,

1969, Plaintiff wilfully disobeyed a superior commissioned officer, and again received

nonjudicial punishment under Article 15 of the Uniform Code of Military Justice ("U.C.M.J").

AR 63-66.  Plaintiff was required to forfeit $22.00, perform extra duties for 14 days, and he was restricted to Fort Monmouth for 14 days.  Id.  Plaintiff graduated from AIT at Fort Monmouth in March 1969.  AR 53.

3.  After graduating from AIT, Plaintiff was stationed with Company C of the 361st Signal Battalion in the Qui Nhon area of the Republic of Vietnam.  AR 43.  While stationed with Company C, Plaintiff again received punishment under Article 15, U.C.M.J. for speeding while driving a 2 ½ ton truck.  AR 67-70.  Plaintiff was required to forfeit $20.00 pay for one month. Id.

4.  Plaintiff remained in Vietnam until May 4, 1970, when he was returned to the United States to be stationed at Fort Riley, Kansas.  AR 22.  On May 22, 1970, Plaintiff went Absent Without Leave (AWOL) for the first time.  AR 53.  He remained AWOL until October 20, 1970. Id.  Plaintiff was apprehended by the civil authorities in Brooklyn, New York, and was returned to military custody at Fort Dix, New Jersey.  AR 71.

5.  On October 21, 1970, court-martial charges were preferred against Plaintiff for the offense of AWOL.  AR 72-77.  Before Plaintiff could face court-martial, he went AWOL again on November 11, 1970.  AR 53.  Plaintiff remained absent until December 3, 1970.  Id.  Plaintiff was then returned to Fort Dix, New Jersey.

6.  On December 9, 1970, court-martial charges were again preferred against Plaintiff for the offense of AWOL.  AR 78-81.  On December 14, 1970, Plaintiff requested discharge for the good of the service under the provisions of Army Regulation ("Army Reg.") 635-200, Chapter 10 ("Chapter 10").  AR 83-84.  However, Plaintiff did not remain at Fort Dix long enough for his request to be acted upon, and he went AWOL again on December 17, 1970.  AR 53.  He

2

remained absent until January 28, 1971. Id.

7. On March 2, 1971, Plaintiff departed AWOL for the fourth and final time. AR 53. He remained absent until he was apprehended on July 6, 1971. AR 53;109. On July 7, 1971, the Fort Dix Personnel Control Facility requested a copy of all of Plaintiff's military personnel records, to include his military personnel records jacket and his health records. AR 24. On July 9, 1971, Plaintiff underwent a separation physical. AR 292-295. Plaintiff was found fit for separation. Id.

8. On July 20, 1971, court-martial charges were preferred against Plaintiff. AR 85-88. He was charged with four specifications of AWOL, one specification for each of the four periods of AWOL. Id. On August 9, 1971, Plaintiff submitted a request for excess leave without pay for a period of 20 days. AR 89. On August 10, 1971, Plaintiff again requested a Chapter 10 discharge. AR 90-91. Plaintiff's Chapter 10 was routed through his chain of command for recommendations as to approval or disapproval of the request. AR 93-94. Plaintiff's chain of command recommended approval of his request. Id.

9. On August 18, 1971, the Commanding General of Fort Dix, New Jersey, approved Plaintiff's request for discharge. AR 95. He directed that Plaintiff receive an undesirable discharge. Id. On August 31, 1971, Plaintiff was discharged from the Army with an "Other Than Honorable" discharge. AR 51. That same day, Plaintiff was also barred from returning to Fort Dix. AR 96. On September 8, 1971, a notification of the approval of Plaintiff's request for discharge was mailed to his home. AR 97.

10 On February 28, 1974, Plaintiff applied to the Army Discharge Review Board

3

(ADRB)[6]. AR 98-99. Plaintiff contended that he went AWOL because of a personal problem that he had due to his involvement with marijuana in Vietnam, and requested that he be allowed to return to service so that he could receive an honorable discharge. Id. On May 3, 1974, the ADRB denied Plaintiff's request to upgrade his discharge. AR 104. On May 24, 1974, Plaintiff was notified of the results of the board. AR 105.

11  On January 6, 1975, Plaintiff applied to the Army Board for Correction of Military Records (ABCMR)[7] to upgrade his discharge. AR 106-107. Plaintiff claimed that proper consideration was not given to his drug related neurosis that he incurred during his tour in Vietnam. Id. On March 24, 1975, the ABCMR found that Plaintiff was properly and equitably discharged with an undesirable discharge and his application was denied. AR 109-111.

12. On April 5, 1977, Plaintiff applied to the ADRB under the Department of Defense ("DOD") Special Discharge Review Program ("SDRP"). AR 114-117. Under this program, individuals were eligible for review of their discharge if they had satisfactorily completed an assignment in Southeast Asia. Id. On June 8, 1977, the ADRB determined that Plaintiff's service was not sufficiently meritorious to warrant an Honorable discharge, however, the board

---

[6]After discharge, a former soldier may apply to the ADRB to upgrade or set aside his discharge. Title 10 U.S.C. § 1553 provides the statutory authority for the Secretary of the Army to " establish a board of review, consisting of five members to review the discharge or dismissal . . . of any former member . . . upon its own motion or upon the request of the former member." Section (b) of that statute provides that the board may "change a discharge or dismissal, or issue a new discharge to reflect its findings." Section (c) provides that " review shall be based on the records of the armed forces and such other evidence as may be presented to the board." Further, "a person who requests a review under this section may appear before the board in person or by counsel." Id.

[7]The ABCMR, composed of civilians assigned by the Secretary of the Army, has statutory authority to "correct any (Army) record" in order to "remove error or injustice." 10 U.S.C. § 1552(a).

4

recommended upgrading Plaintiff's discharge to General, Under Honorable Conditions.  AR 123.

On July 11, 1977, a letter was sent to Plaintiff notifying him of the board's decision.  AR 126-127.

13.  On October 8, 1977, Congress passed Public Law 95-126, requiring the military departments to conduct hearings to determine if the upgrades recommended by the SDRP should be affirmed.  AR 142.  On March 7, 1978, Plaintiff applied to the ADRB asking the board to affirm the recommendation of the SDRP.  AR 129-130.  On June 28, 1978, a hearing was held on Plaintiff's application.  AR 133-141.  The ADRB voted unanimously not to affirm the decision of the DOD Special Discharge Review Program.  Id.  On August 24, 1978, Plaintiff requested personal appearance before the ADRB in Miami, Florida.  AR 152.

14.  Plaintiff's request for a hearing before the ADRB was granted, and on September 22, 1978, a hearing was held on Plaintiff's application at which Plaintiff appeared in person with the representation of counsel.  AR 157-165.  Plaintiff testified that he did not believe he was given the opportunity to see a counsel on an individual basis during the discharge proceedings.  AR 159.  The board again voted unanimously not to affirm the General Discharge awarded by the ADRB on June 8, 1977.  AR 163.  The board found that Plaintiff's disciplinary problems began prior to his service in Vietnam, there was nothing in the record to substantiate his claim of family problems, Plaintiff was familiar with the Chapter 10 discharge process, and there was nothing in the record to indicate the separating command was not aware of the nature of his service.  AR 162.  On November 7, 1978, the ADRB notified Plaintiff that his application had been denied.  AR 167.

15.  On December 12, 1978, Plaintiff applied again to the ABCMR.  AR 174-178.  A

brief in support of his application for upgrade was submitted by Plaintiff's counsel from the National Veteran's Law Center. AR 182-200. Plaintiff contended that he went AWOL due to his moral objection to the war in Vietnam, family hardship and the denial of his request for compassionate reassignment. Id. Plaintiff further contended that he was not able to individually consult with legal counsel in connection with his Chapter 10 discharge request. Id. The ABCMR submitted Plaintiff's application to the Office of the Judge Advocate General ("TJAG") for a legal review of Plaintiff's contentions. AR 221-222. The TJAG provided the ABCMR a legal opinion that Plaintiff's claims lacked merit. Id.

16. On August 27, 1980, the ABCMR denied Plaintiff's application. AR 205-209. The ABCMR found that there was no evidence in the record to support Plaintiff's contentions regarding the reasons for going AWOL, that while Plaintiff completed a normal tour in Vietnam he was abusing drugs during that tour, and he was arrested by civilian authorities on at least two occasions for AWOL. Id. On September 10, 1980, a letter was sent to Plaintiff notifying him of the board's decision. AR 223.

17. On January 2, 1982, Plaintiff applied again to the ADRB. AR 227-228. Plaintiff argued that the command did not have the authority to impose a punitive discharge, therefore he could not have been discharged under Army Reg. 635-200, Chapter 10. Id. On January 18, 1982, Plaintiff was notified that he was ineligible for a regular review by the ADRB due to his personal appearance before the board on September 22, 1978, therefore his case was referred to the Army Council of Review Boards. AR 225. On December 23, 1982, the Office of the Assistant Secretary of Defense, Manpower, Reserve Affairs, and Logistics ("DASD (MP&FM)") found corrective action was required to the ADRB's September 22, 1978, decision on two of

Plaintiff's allegations. AR 248-250. On January 21, 1983, the ADRB considered the findings of

the DASD (MP&FM), and made corrections to its decision consistent with those findings. AR

268-270.

18. On February 17, 2000, Plaintiff again applied to the ABCMR. AR 288-289. Plaintiff

requested that his discharge be upgraded to honorable, claiming that his AWOL was not wilful

because he was suffering from depression and Post Traumatic Stress Disorder ("PTSD"). Id. On

August 22, 2000, the board met to consider Plaintiff's contentions. AR 282-286. The ABCMR

found nothing in Plaintiff's service or medical records that established his conduct was not

wilful. The board concluded that Plaintiff had failed to demonstrate any error or injustice in his

record, therefore his application for upgrade of his discharge was denied. Id. On August 31,

2000, a letter was sent to Plaintiff notifying him of the board's decision. AR 281.

19. On September 21, 2003, Plaintiff submitted his final application to the ABCMR. AR

310-315. In his application, Plaintiff requested reconsideration of the ABCMR's prior denials of

relief, and submitted a document from the Veteran's Administration ("VA") diagnosing him with

PTSD. Id. On September 14, 2004, the board met to consider plaintiff's contentions. AR 305-

309. The board found that Plaintiff's attorney properly advised him concerning his discharge and

there was no indication Plaintiff suffered from PTSD at the time of his discharge. Id. The board

concluded that Plaintiff did not demonstrate error or injustice which would warrant amending the

August 2000 decision of the ABCMR, and his application was denied. Id.


Respectfully submitted,

/ s /

7

KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney


R. CRAIG LAWRENCE, D.C. Bar # 171538
Assistant United States Attorney


KEVIN ROBITAILLE
Special Assistant United States Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C. 20530
202-353-9895


Of Counsel:

Major Rebecca E. Ausprung
U.S. Army Litigation Division
901 N. Stuart Street, Suite 400
Arlington, Virginia 22203-1837

8

## CERTIFICATE OF SERVICE

I hereby certify that on this _16th_ day of _February_, 2006, I caused the foregoing

**DEFENDANT'S MOTION TO DISMISS, IN PART,
AND FOR SUMMARY JUDGMENT**

with attached memorandum of points and authorities, statement of material facts not in genuine dispute, administrative record, and a proposed order, to be served on *Pro Se* Plaintiff, by first class mail, postage prepaid addressed as follows:

**Gilbert Bland
4725 Dorsey Hall Drive
A504
Ellicott City, Maryland 21042**

KEVIN ROBITAILLE
Assistant United States Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C. 20530

3