UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| GILBERT BLAND (Pro-Se) : | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- : | ) | CIVIL ACTION NO. 05-2143 (HHK) |
| | ) | |
| SECRETARY OF THE ARMY : | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS
TO WHICH THERE IS A GENUINE DISPUTE**

Comes the plaintiff in the above-entitled action, in Proper Person, and pursuant to Local Rule LCvR 7(h), and in opposition to defendant's "Motion to Dismiss, in Part, and for Summary Judgment," submits this statement of material facts to which there is a genuine dispute.

**I. THE ADMINISTRATIVE RECORD**

Defendant herein has submitted to this Court a compact disc allegedly containing the Plaintiff's military records. The plaintiff questions the accuracy and completeness of these records and states that to be required to rely on them in order to defend the defendant's "Motion to Dismiss, in Part, and for Summary Judgment" based upon this, is prejudicial and unjustified, as will be shown below.

While the Administrative Record ("AR") filed by the defendant is quite complete in showing every minor infraction committed by the plaintiff in his military career, it does not show elements of his service that are positive and while they should appear in the AR, for reasons shown below are not. Most prominent in their absence are orders,

reports and documentation that would have occurred while the plaintiff was serving in the Vietnam War. While some records and orders are included in the AR, many that *of necessity* would be there are not. Specifically, the plaintiff would show the Court that while the plaintiff's current Report of Separation of Service (DD-214)[1] shows in item #26 under "Decorations, Medals, Badges, Commendations, Citations and Campaign Ribbons Awarded or Authorized" that the plaintiff was awarded the Vietnam Service Mdl w/3 Bronze Svc Stars, there is nothing in the AR that mentions or awards these 3 Bronze Svc Stars to the plaintiff or the reasons therefor. The Army does not issue an award without a document in the record. Similarly, the plaintiff was awarded the Vietnam Campaign Medal w/1960 device, the Republic of VN Gallantry Cross w/Palm Unit Citation[2] and the Meritorious Unit Commendation, <u>none</u> of which are documented in the AR

    While attached to the 361st Signal Battalion in Qui Nhon, Vietnam, the plaintiff was assigned the duty of carrying satchels of "secret" documents to the Da Nang cable station, also a part of the 361st Signal Battalion. These satchels were handcuffed to the plaintiff's wrist and he was authorized to carry a sidearm as well as possess weapons on military and civilian aircraft. No *enlisted man* may carry a sidearm without a specific authorization from his commanding officer, but this authorization does not appear in the AR. The plaintiff was authorized to travel on Military Assistance Command Vietnam (MACV) and civilian "Air America" flights in completion of his missions to Da Nang but none of these orders[3] appear in the AR.

---

[1] See AR 53
[2] this was awarded by the former government of the Rep. Of Viet Nam
[3] a copy of which he carried on his person while in transit

No one was authorized to leave the Republic of Vietnam unless such authorization was contained in orders. But in November of 1969, the plaintiff departed the Republic of Vietnam for Sydney, Australia, on a World Airways flight out of Cam Rahn Bay, for his R & R. Again, no such orders appear in the AR, but would have been required to get on a plane out of country. And when the plaintiff returned to the Republic of Vietnam following his R & R in Australia, he was temporarily assigned to the 272nd Military Police Company in Nha Trang as they needed help defending that city during the upcoming TET holiday. While the AR <u>does</u> contain the order returning him to the Nha Trang detachment of the 361st Signal Battalion, no order assigning him to this unit appears in the AR.

While the plaintiff was assigned to the Ban Me Thuot detachment in the Central Highlands, he fell unconscious and was taken to a field hospital on the base[4] where he was treated for suspected malaria, which was later diagnosed as "enterocolitis, parasitic." While at this hospital for about a week, the Department of the Army sent a letter to the plaintiff's mother explaining that he was in the hospital but would be O.K. A copy of this letter does not appear in the AR.

Upon leaving Vietnam, the plaintiff would have received orders assigning him to his next duty station in the Continental United States (CONUS). This was standard practice. In this case, he was being assigned to a unit of the 4th Cavalry at Fort Riley, Kansas that did not offer a position in his assigned Mission of Service (MOS) of Fixed Station Facilities Controller[5]. Where are these orders? And while the plaintiff was still in Vietnam and was soon to return from the war, he wrote to the Chief of Staff of the Army

---

[4] Camp Coryell
[5] MOS 32 D 20

requesting an assignment at Fort Monmouth, or Fort Dix, New Jersey, so that he might be closer to home. Again, not in the AR.

Nothing at all regarding the above appears in the AR, which might be construed as positive for the plaintiff. But the AR is careful to include documentation of his having committed the offense of driving his truck at 35 miles per hour in a 25 miles per hour zone, which was used to justify his stigmatizing discharge and also 30 years of denials of relief. It is *almost* as though the defendant has lost *everything* that would have shown the plaintiff in a good light, while carefully maintaining documents that they could rely on to justify an unjustified stigmatizing discharge and 30 years of denying him relief therefrom.

Upon arrival at the Special Processing Detachment at Fort Dix in 1970 the plaintiff was beaten and robbed. Because he was rendered unconscious at one point, he was taken by ambulance to the Walter Reed Army hospital at Fort Dix, treated and released. Nothing about this incident appears in the AR, but the plaintiff saw an entry made in the company log about the incident while he was waiting for the ambulance.

There is nothing in the AR about the plaintiff's attorneys. No notes, reports, orders, documentation about meetings, nothing. While the plaintiff cannot state affirmatively that there in fact was something that should have been in the AR describing any interaction with defense counsel, as it was so minimal, it is suspicious that there is *nothing*, when seen in context with the above-described glaring deficiencies in the record.

Next we turn to the subject of the actual records themselves. If the Court would look at the chain of custody of the plaintiff's military records, it will see that the defendant arguably did not have them while the discharge proceedings were being

4

conducted. This is evidenced by the lack of data from these records that would have appeared on the Report of Separation (DD-214)[6] that was issued by the defendant upon discharging the plaintiff. Why would they leave such a thing as serving in the Vietnam War out of the document unless they did not know he was there? Plaintiff is reluctant to attribute this to bad faith, so we are left with the distinct possibility that they did not have the records. Next, as described in a May 1982 letter[7] to the plaintiff, a "major fire" occurs at the Personnel Center in St. Louis, Missouri in 1973 and the plaintiff's record "was not recovered." What was recovered, however, is the plaintiff's "essential facts of military service" which did not include very much positive information. Then in an August 7, 1984 letter from the Department of the Army to Senator Paul Sarbanes[8], the defendant reports "While Mr. Bland's military records could not be located for a period of time, (as opposed to being destroyed in a major fire) they were located and available to the Army Discharge Review Board in 1978." The problem with this is that it was in <u>1982</u> that LTC Newton advised the plaintiff about his records being destroyed, some four years <u>after</u> the defendant advised Senator Sarbanes that they had been "located."

Thus, the Court should right be skeptical in basing its decisions on such a questionable record.

## II. STATEMENTS OF MATERIAL FACT
## TO WHICH THERE IS GENUINE DISPUTE

---

[6] see AR 057
[7] see AR 361
[8] see AR 368

5

Plaintiff refers to the defendant's filing "DEFENDANT'S STATEMETS OF MATERIAL FACTS TO WHICH THERE ARE NO GENUINE DISPUTE" as described below:

1. No issue.

2. Plaintiff disagrees that there are no issues of dispute in #2 of his document in that he describes events that are so minimal in weight that they could not possibly be considered in relation to a life long stigmatizing discharge and then in subsequent denials of relief therefrom. The events complained of consist of leaving a school formation early while marching to a mess hall for lunch, and returning late from a weekend pass because his bus was late. Hardly grounds to sustain a stigmatizing discharge, or to grant his motion for summary judgment. Reference is made to AR 61-61 and AR 53;

3. Plaintiff disagrees that there are no issues of dispute in #3 of his document in that he describes events that are so minimal in weight that they could not possibly be considered in relation to a life long stigmatizing discharge and then in subsequent denials of relief therefrom. While plaintiff did commit the offense of driving 35 miles an hour in a 25 miles per hour zone, this was in a war zone and the plaintiff was driving an extra 10 miles per hour in order to reach the safety of his compound in order to minimize the possibility he would come under fire. See AR 67-70. Hardly grounds to sustain a stigmatizing discharge, or to grant his motion for summary judgment.

4. Plaintiff disagrees that there are no issues of dispute in #4 of his document in that he has <u>never</u> pled guilty to or been convicted of being AWOL. In fact, the

6

plaintiff has several affirmative defenses to the allegations that he was ever AWOL. Plaintiff further disagrees with the statement that he was "apprehended by the civil authorities in Brooklyn, New York." While the military police personnel who took custody of the plaintiff were from a Brooklyn, New York *organization*, the plaintiff was in fact apprehended at his home in Ridgefield Park, New Jersey. See AR 71

5. Plaintiff disagrees that there are no issues of dispute in #5 of his document in that he has <u>never</u> pled guilty to or been convicted of being AWOL. In fact, the plaintiff has several affirmative defenses to the allegations that he was ever AWOL.

6. Plaintiff disagrees that there are no issues of dispute in #6 of his document in that he has <u>never</u> pled guilty to or been convicted of being AWOL. In fact, the plaintiff has several affirmative defenses to the allegations that he was ever AWOL.

7. Plaintiff disagrees that there are no issues of dispute in #7 of his document in that he has <u>never</u> pled guilty to or been convicted of being AWOL. In fact, the plaintiff has several affirmative defenses to the allegations that he was ever AWOL.

8. Plaintiff has no issue with #8. As defendant apparently does not know, "excess leave" was *normally* granted to people at the Ft. Dix PCF as the facility was overcrowded and this leave was liberally offered. There is nothing more to be read into this.

9. Plaintiff has no issue with #9.

10. Plaintiff has no issue with #10. While the defendant has raised the issue of involvement with marijuana in Vietnam, the plaintiff would say that he had no issues with marijuana, or any other substance *prior to* his enlistment in the Army[9] and was <u>never</u> charged with any type of substance abuse while in the Army.

11. Plaintiff disagrees that there are no issues of dispute in #11 in that it states an issue brought before the board but does not state all of the issues presented. The one issue listed it taken out of context and even that fails to include "emotional or drug related neurosis which was incurred during my tour in Viet Nam." See AR 106 (application to the board for correction) for the other issues presented.

12. Plaintiff has no issue with #12.

13. Plaintiff has no issue with #13.

14. Plaintiff disagrees that there are no issues of dispute in #14. Plaintiff disagrees with its decision. The board states that there was nothing in the record to substantiate his claim of family problems, but there was in fact an affidavit from plaintiff's mother describing such "family problems" see AR 329-330 . Again the board relies on "disciplinary problems began prior to his service in Vietnam" which consists of the events described in numbers 2 and 3, *supra*. Hardly grounds to sustain a stigmatizing discharge, or to grant his motion for summary judgment. The board also recites the "nothing in the record to indicate the separating command was not aware of the nature of his service." But see discussion of the Administrative Record, *supra*, and plaintiffs

---

[9] see AR 015

8

Response and Memorandum of Law for a discussion of why this is nonsensical.

15. Plaintiff disagrees that there are no issues of dispute in #15. While he states three of the issued presented to the board, others are not mentioned. See AR 174-178. Further, the Plaintiff has <u>never</u> pled guilty to or been convicted of being AWOL. In fact, the plaintiff has several affirmative defenses to the allegations that he was ever AWOL.

16. Plaintiff disagrees that there are no issues of dispute in #16. Defendant states that the plaintiff was "abusing drugs during that tour." Based on what? Again, the plaintiff has never been charged with any kind of drug abuse, and he never had a drug abuse problem before enlisting in the Army. While the defendant fails to identify the proof of it's claim of drug abuse during Vietnam, this was only raised <u>after</u> the discharge in question and was <u>not</u> the basis of his discharge in 1971. It was that he was allegedly AWOL. Such an assertion can not be seen as justification *after* the fact of the discharge. The plaintiff had PTSD when he was discharged and was never treated for it by the Army. Then, due to his discharge, the V.A. denied him treatment until 1995. It was not uncommon that left without help of any kind, certain individuals "self-medicated" in order to minimize the effects of their affliction and that this only brought with it further problems. If the plaintiff did have a problem abusing anything, it speaks not to a detriment on the part of the plaintiff, but to a total failure on the part of the defendant.

17. Plaintiff disagrees that there are no issues of dispute in #17. While defendant lists only one of the issues sought to be raised by this review, there were many. See AR 234.

18. Plaintiff disagrees that there are no issues of dispute in #18. While defendant lists only one of the issues sought to be raised by this review, there were many. See AR 288.

19. Plaintiff disagrees that there are no issues of dispute in #19. The disagreement with this decision if fully discussed in pp 38-44 of Plaintiff's Opposition.

                            RESPECTFULLY SUBMITTED

                         _____/s/_____
                         Gilbert Bland, Pro-Se
                         4725 Dorsey Hall Dr., A504
                         Ellicott City, MD 21042
                         (410) 300-6502