**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **GILBERT BLAND,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Civil Action No. 1:05CV02143 (HHK)** |
| | ) |
| **SECRETARY OF THE ARMY,** | ) **ECF** |
| | ) |
| **Defendant.** | ) |
| | ) |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO**
**<u>DEFENDANT'S MOTION TO DISMISS, IN PART, AND FOR SUMMARY JUDGMENT</u>**

Defendant, by and through appointed counsel, submits the following reply to plaintiff's opposition to Defendant's motion to dismiss, in part, and for summary judgment. In reply and in support of the government's earlier motion, Defendant relies upon the complaint, the administrative record, our previously filed motion, and the following brief.

**ARGUMENT**

**A. <u>The Court Lacks Jurisdiction Over Plaintiff's Mandamus Claim</u>**

Plaintiff contends in his opposition that the Court has subject matter jurisdiction over his Mandamus claim. Plaintiff's Opposition to Defendant's Motion to Dismiss, In Part, and for Summary Judgment ("Pl. Opp.") p. 1. Plaintiff acknowledges that in order to receive Mandamus relief, he must show 1) a clear right to the relief sought; 2) the Defendant has a clear duty to act; and 3) the absence of any other adequate remedy. Pl. Opp. p. 12. Plaintiff continues to fail however to demonstrate that he met these three prerequisites for mandamus relief.

Plaintiff contends that the Administrative Procedure Act ("APA") is an inadequate

remedy, therefore Mandamus relief is appropriate. Pl. Opp. p. 1. Other than plaintiff's assertion that the APA is an inadequate remedy, he has not established that the relief that can be provided by the APA is in any way inadequate in this case. Plaintiff has stated that he is not seeking monetary damages, and is only seeking declaratory and injunctive relief in the form of records correction. Pl. Opp. p. 15. This is exactly the type of relief that the APA was designed to provide. Plaintiff can obtain all of the relief that he seeks under the APA.

In support of his contention that the Court has jurisdiction over his Mandamus claim, Plaintiff cites to Burkins v. United States, 865 F. Supp. 1480 (D. Colo. 1994). While the District of Colorado court did find it had jurisdiction over the plaintiff's Mandamus claim in a military records correction case, Burkins is not binding precedent upon this Court. By contrast, there is precedent from this circuit which has found that in records correction cases, the Secretary does not have a clear, nondiscretionary obligation to perform for the plaintiff, therefore Mandamus relief is unavailable. See Levant v. Roche, 384 F. Supp. 2d 262, 270-271 (D.D.C. 2005); Mudd v. Caldera, 26 F. Supp. 2d 113, 118 (D.D.C. 1998). The right of service members to review decisions of the military corrections boards under the APA is well established in this District. As the D.C. Circuit recently stated "These are not uncharted waters. We have many times reviewed the decisions of boards for correction of military records "in light of familiar principles of administrative law." Piersal v. Winter 435 F.3d 319 (D.C. Cir. 2006) (internal citations omitted).

As established in Defendant's prior motion, the Court lacks subject matter jurisdiction over plaintiff's Mandamus claim, therefore it should be dismissed.

**B. Plaintiff's Challenges to the 1974, 1978 and 1983 ADRB Decisions and the 1975 and 1980 ABCMR Decisions are Barred by the Statute of Limitations**

Plaintiff continues to challenge the 1978 and 1983 Army Discharge Review Board ("ADRB") decisions, and the 1980 decision of the Army Board for Correction of Military Records ("ABCMR"), and now raises challenges to the 1974 ADRB decision and the 1975 ABCMR decision[1]. Pl. Opp. pp. 6-8, 35-38. As established in Defendant's prior motion, the statute of limitations applicable to these types of actions began to run when a board decision was issued denying Plaintiff relief, and expired six years later. Plaintiff's ability to challenge these board decisions expired, at the very latest, over fifteen years ago.

Plaintiff contends that the statute of limitations set forth in 28 U.S.C. § 2401 does not apply to corrective actions to set aside the stigma of a less than honorable discharge. Pl. Opp. pp. 2, 18. In support of this argument, Plaintiff cites to Walters v. Secretary of Defense, 533 F. Supp. 1068 (D.D.C. 1982) and Wood v. Secretary of Defense, 496 F. Supp. 192 (D.D.C. 1980)[2]. Pl. Opp. pp. 18-19. Walters was reversed by the Court of Appeals for the District of Columbia Circuit, which held that the limitations period contained in 28 U.S.C. § 2401 does indeed apply

---

[1]In his initial complaint, Plaintiff did not articulate any specific claims regarding the May 3, 1974 decision of the ADRB, or the March 24, 1975 decision of the ABCMR. In its Motion to Dismiss, in Part, and for Summary Judgment, Defendant nonetheless argued that if any such challenges were being raised, they were also barred by the statute of limitations. Def. Brief footnote 1.

[2]Plaintiff also cites to Kaiser v. Secretary of the Navy, 525 F. Supp. 1226 (D. Colo. 1981). Pl. Opp. p. 19. Kaiser is not binding precedent on this Court, and the case is inapplicable as the court in Kaiser specifically held it was not deciding upon the issue of whether the statute of limitations in 28 U.S.C. § 2401 applies to equitable actions. Likewise, Mulvaney v. Stetson, 470 F. Supp 725 (D. Ill. 1979) held that 28 U.S.C. § 2401 did not bar a suit seeking review of a correction board decision within six years where the discharge had occurred much earlier. Mulvaney is thus consistent with Defendant's position.

to equitable actions. Walters v. Secretary of Defense, 725 F.2d 107, 113 (D.C. Cir. 1983). In arriving at its decision, the court cited to the decision in Wood, and specifically rejected its rationale and overruled the precedent that led to the decision. Id. at 112-113. Plaintiff also cites to Calhoun v. Lehman, Civ. No. 78-0988 (D.D.C. January 27, 1982). That decision, reported at 556 F. Supp. 67 (D.D.C. 1982) was also overturned by the D.C. Circuit. Calhoun v. Lehman, 725 F.2d 115 (D.C. Cir. 1983) relied on the holding in Walters, Supra, to hold that the six year statute of limitations barred the service member's claim. The law of this circuit is therefore clear that the six-year statute of limitations is applicable to equitable actions such as the case at hand.

Plaintiff alleges that the defense of sovereign immunity should not apply to claims for equitable relief. Pl. Opp. p 16. In support of this claim, Plaintiff cites to a decision of the Tenth Circuit Court of Appeals in Simmat v. United States Bureau of Prisons, 413 F.3d 1225 (10th Cir. 2005). Id. The Tenth Circuit's decision in Simmat is inapplicable however as it did not address the statute of limitations. Defendant acknowledges that the APA provides a waiver of sovereign immunity for suits against the government seeking equitable relief. However, that waiver is only applicable to suits brought within the limitations period, as 10 U.S.C. § 2401 is a jurisdictional condition attached to the government's waiver of sovereign immunity. Spannus v. Dept. of Justice, 824 F.2d 52, 55 (D.C. Cir. 1987). As Plaintiff's claims regarding the corrections boards' decisions from 1974 to 1983 are outside the applicable limitations period, there is no waiver of sovereign immunity as to those claims.

Plaintiff's challenges to the 1974, 1978 and 1983 ADRB decisions, and the 1975 and 1980 decisions of the ABCMR are barred by the statute of limitations, and should therefore be dismissed.

**C. There is No Basis for Tolling the Statute of Limitations in This Case**

Plaintiff contends that even if the six year statute of limitations contained in 28 U.S.C. § 2401 applies to his case, the statute of limitations should be waived on equitable grounds. Pl. Opp. p. 17. Plaintiff has not established however any basis for tolling the statute of limitations in this case.

The Supreme Court has held that a cause of action accrues when the Plaintiff knows or has reason to know of both the existence of the injury and the probable cause of the injury. United States v. Kubrick, 444 U.S. 111, 122-25 (1979). "[A] plaintiff . . . armed with the facts about the harm done to him, can protect himself by seeking advice in the medical and legal community. To excuse him from promptly doing so by postponing the accrual of his claim would undermine the purpose of the limitations statute, which is to require the reasonably diligent presentation of tort claims against the government." Kubrick, 444 U.S. at 123.

In rare circumstances, a court will invoke the doctrine of equitable tolling. The doctrine has been applied where a plaintiff has actively pursued his judicial remedies, but filed a defective pleading during the statutory period, or where a plaintiff has been "induced or tricked" by his adversary's misconduct into allowing a filing deadline to pass. Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990). Plaintiff has neither actively pursued his judicial remedies nor filed a defective pleading within the statutory period. This is not a case where the plaintiff filed his suit within the applicable time period, simply in the wrong court. Plaintiff wholly failed to pursue his judicial remedies. Accordingly, there is no basis to toll the statute of limitations on equitable grounds.

In addition, there is no evidence that the Army induced or tricked Plaintiff into allowing a filing deadline to pass. The Army did nothing to interfere with plaintiff's freedom to file any judicial or administrative action he chose. Indeed, Plaintiff has repeatedly availed himself to the administrative process over the past thirty years. After each corrections board decision denying him relief, Plaintiff filed another administrative action attacking the prior denial. Plaintiff could have just as easily pursued judicial action. There is no basis therefore to toll the limitations period in this case.

In support of his contention the limitations period should be tolled in this case, Plaintiff cites to Harris v. Federal Aviation Administration, 353 F.3d 1006 (D.C. Cir. 2004). Pl. Opp. pp. 17-18. This case does not, as Plaintiff alleges, stand for the proposition that equitable tolling would be appropriate in the instant case. In Harris, the court simply questioned whether a dismissal on statute of limitations grounds should occur for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), or for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). Id. at footnote 7. Incidentally, the Court did not even decide this issue. Id. In any event, Harris does not provide support for plaintiff's claim for tolling the statute of limitations.

There is no basis for tolling the statute of limitations in this case, therefore Plaintiff's challenges to the 1974, 1978 and 1983 ADRB decisions, and the 1975 and 1980 decisions of the ABCMR should be dismissed.

**D. Plaintiff's Request for Reinstatement or an Honorable Discharge is Nonjusticiable**

Plaintiff contends that his request for reinstatement, or an honorable discharge, is

justiciable because this decision is not vital to national security. Pl. Opp. p. 3. There is no requirement that a decision be vital to national security in order to be nonjusticable. An issue is nonjusticiable if it involves the military's exercise of discretion in internal military matters, particularly matters involving discipline, morale, composition of the force, and personnel matters. See, e.g., Goldman v. Weinberger, 475 U.S. 503 (1986); Gilligan v. Morgan, 413 U.S. 1 (1973); Orloff v. Willoughby, 345 U.S. 83 (1953). Indeed, the Supreme Court has cautioned courts against weighing whether such a decision is vital to national security, holding that the federal courts "are ill-equipped to determine the impact upon discipline that any particular intrusion upon military authority might have." Chappell v. Wallace, 462 U.S. 296, 305 (1983).

Plaintiff has invited this Court to sit as a "super correction board" and exercise its own discretion regarding the characterization of his discharge. The Court should not accept this invitation, and should leave that discretion in the hands of the legislative and executive branches of government.

As established in Defendant's prior motion, Plaintiff's request that this Court order Defendant to reinstate him, or in the alternative, issue him an honorable discharge, is nonjusticiable and therefore should be dismissed.

**E. Review is Limited Under the Administrative Procedures Act**

Plaintiff states that he wants to "introduce evidence at trial" in the form of witness testimony regarding the legal counseling he was provided in connection with his discharge request, and medical testimony regarding depression and Post Traumatic Stress Disorder ("PTSD"). Pl. Opp. pp. 3-4, 13. Plaintiff had every opportunity to present such evidence during

his numerous resorts to the corrections boards. Plaintiff chose not to do so, and he cannot now do so before this Court, because when reviewing an agency's action under the APA, the Court is limited to reviewing the administrative record that was in front of the agency at the time it made its decision. Commercial Drapery v. United States, 133 F.3d 1, 7 (D.C. Cir. 1998). This is especially true in military records cases where the D.C. Circuit has repeatedly held that the underlying military personnel or disciplinary action is non-justiciable. See, e.g., Kreis v. Sec'y of the Air Force, 866 F.2d 1508 (D.C. Cir 1989) (holding nonjusticiable a serviceman's claim for retroactive promotion, but holding justiciable, however, the serviceman's "more modest request" to review "the reasonableness" of the decision of a military board of correction pursuant to the standards of the APA.) See also Piersal v. Winter, supra. (Holding nonjusticiable a Commander's imposition of non-judicial punishment but holding reviewable the decision of the corrections board under the APA).

Review in this case is limited to the administrative record, and it supplies ample evidence to support the findings of the corrections boards, and for the Court to enter judgment in favor of Defendant.

**F. Summary Judgment is Appropriate in This Case**

Plaintiff contends that summary judgment is not appropriate in this case as there are genuine issues of material fact in dispute. Pl. Opp. p. 21. Although the Court's local rules do not require a response to the Plaintiffs' Statement of Material Facts to Which There is Genuine Dispute filed with his Opposition, that Statement fails to raise any genuine issues of fact that are material to the issues to be decided in the motion to dismiss, in part, and for summary judgment

and that must be litigated for the reasons set forth in this Reply Memorandum. None of the issues raised by Plaintiff constitute a genuine issue of disputed fact.

Plaintiff now appears to be raising a wrongful discharge claim separate from his challenge to the corrections boards' decisions, arguing that Army Regulation ("Army Reg.") 635-200, chapter 10 ("chapter 10") was violated with regard to his discharge. Pl. Opp. p. 4, 23. Any claim regarding the processing of his discharge is barred by the statute of limitations, which began to run at the date of his discharge, August 31, 1971, and expired six years later on August 31, 1977. Administrative Record ("AR") 51.

Plaintiff contends that his court-martial charges were never referred to a court-martial authorized to impose a punitive discharge, therefore he could not be discharged under chapter 10. Pl. Opp. p. 25. This is simply not required. Chapter 10 of Army Reg. 635-200 (July 10, 1969) provided that a service member could submit a chapter 10 request when his conduct rendered him triable by a court-martial that *could* lead to punitive discharge, and could be submitted *at any time* after court-martial charges were preferred.[3] Def. Brief Ex. A at ¶ 10-1 (emphasis added). There was no requirement that plaintiff's charges actually be referred to a court-martial prior to his submission of a discharge request.

Plaintiff contends that under the current version of Army Reg. 635-200, Chapter 10, charges must be referred to court-martial before a service member can receive a chapter 10 discharge. PL. Opp. pp. 3, 25. Although the current version of the regulation is irrelevant to any

[3]Under the Uniform Code of Military Justice "preferal" marks the formal beginning of criminal proceedings where a service member is charged with an offense, similar to a complaint in the Federal system. See Rule for Courts-Martial 307. "Referal" is the act of the Court-Martial Convening Authority forwarding the charges to a court for trial, similar to an indictment in the Federal system.

determination regarding the procedures followed at the time of plaintiff's discharge, plaintiff's assertion is simply incorrect. The current version of Army Reg. 635-200, chapter 10, para. 10-1 provides that the provisions of RCM (Rule for Court-Martial) 1003(d) do not apply to requests for discharge under chapter 10 unless the case has been referred to a court-martial authorized to adjudge a punitive discharge. RCM 1003(d) is an escalator clause that allows for the imposition of a punitive discharge for offenses that would not normally carry such a punishment, when the accused has prior court-martial convictions, or is facing multiple offenses. This provision in chapter 10 simply means that a service member cannot be discharged under chapter 10 for a offenses that cannot result in a punitive discharge, simply because they face multiple offenses, unless the case is actually referred to a court-martial authorized to adjudge a punitive discharge. This provision in no way requires referral of court-martial charges allowing for a punitive discharge prior to the submission of a chapter 10 discharge request. To the contrary, chapter 10 specifically provides that a request can be submitted at any time after the preferral of charges. Thus, even if Plaintiff were facing the same scenario today, discharge under chapter 10 would be authorized.

Additionally, Plaintiff argues that at the time of his discharge, AWOL charges were not being referred to General Courts-Martial, therefore his case would have been referred to a Special Court-Martial. Pl. Opp. p. 28. Plaintiff's assertion is wholly unsupported by any evidence of record. Moreover, as previously stated, a service member can submit a chapter 10 request whenever they face a charge that could lead to punitive discharge. Ironically, Plaintiff on one hand argues that he went AWOL twice after December 1970 so that he could obtain an administrative discharge, and then on the other hand argues that he was essentially tricked into

submitting the administrative discharge request. Plaintiff's argument lacks merit and should be rejected.

Plaintiff also contends that he was denied effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution. Pl. Opp. pp. 29-30. Plaintiff was not entitled to counsel under the Sixth Amendment in connection with his Chapter 10 discharge request as the administrative discharge process is not a criminal proceeding in which a person can be sentenced to confinement. See Argersinger v. Hamlin, 407 U.S.25 (1972); Scott v. Illinois, 440 U.S. 367 (1979). Pursuant to Army Reg. 635-200, chapter 10, Plaintiff was entitled to counseling by an attorney regarding the chapter 10 discharge process. As Plaintiff acknowledged in his chapter 10 request, he received such counseling. AR 90-91. Any claim that such counseling was insufficient is belied by plaintiff's own statements in his discharge request and would not rise to a 6th Amendment claim in any event.

Moreover, as noted in Defendant's prior brief, Plaintiff's claims regarding the advice that he received from counsel have continued to evolve over the years. His claim has evolved yet again in his latest brief, and has now delved into the absurd. Plaintiff claims that when he was counseled for the first time regarding a chapter 10 discharge in December 1970, that he was advised by the attorney that he simply did not have the correct number of AWOL's for an administrative separation from the Army, therefore he would face court-martial, prison time, and a bad conduct discharge. Pl. Opp. p. 32. Plaintiff therefore went AWOL two more times to ensure that he would receive only an administrative discharge. Id. Plaintiff did not make this argument before the corrections boards, therefore it is irrelevant to the determination of this Court. However, it does call into question the veracity of Plaintiff's claims regarding the events

surrounding his discharge in 1971.

Plaintiff has not established that there is any genuine issue of material fact in this case. Any issues that were not raised to the corrections boards cannot now be raised in "trial" as they are not a part of the administrative record of this case. Summary judgment is therefore appropriate, and should be entered in favor of Defendant in this case.

## G. The ABCMR's Decisions Were Reasonable, Lawful and Based on Substantial Evidence

Plaintiff contends that the ABCMR's 2000 and 2004 decisions were arbitrary, capricious and contrary to law. Plaintiff's assertions lack merit however, and are wholly unsupported by the administrative record of this case.

Plaintiff contends that the ABCMR's finding that there was nothing in his service and medical records to suggest his AWOL was not willful "defies logic and should be dismissed by any reasonable person." Pl. Opp. p. 8. Plaintiff clearly disagrees with the decision of the ABCMR, but this does not mean that the board's decision was not supported by substantial evidence. The board conducted a thorough review of Plaintiff's service and medical records, and concluded that there was no evidence Plaintiff was unable to make conscious decisions with regard to his conduct.

The board acknowledged that Plaintiff had complained of depression/nervousness during his separation physical. AR 285. However, the ABCMR also noted that there was nothing in the Diagnostic and Statistical Manual of Mental Disorders IV ("DSM IV") which suggested that individuals suffering from a Major Depressive Episode are unable to distinguish right from

wrong. Id. Additionally, the board noted that Plaintiff was able to find work while he was AWOL. Id. These facts clearly support the board's finding that Plaintiff's conduct was willful.

Plaintiff contends that the ABCMR should not have relied upon the fact that he was able to obtain a job while he was in AWOL status to support its finding that he was not suffering from mental illness to such a degree that he could not perform his military duties. Pl. Opp. pp. 9-10. Plaintiff contends that his job dealt with tropical fish, which was a calming environment in which to work, unlike service in the military. Id. Plaintiff was free to make this argument before the ABCMR, which he failed to do, therefore it is irrelevant to any determination by this Court. Moreover, Plaintiff's assertion regarding the nature of his employment does not render the board's finding arbitrary or capricious. The fact that Plaintiff was able to obtain and maintain employment during his periods of AWOL supports the board's findings regarding the nature and severity of any mental illness.

Plaintiff also avers that the ABCMR "completely ignored the medical reports and statements from the Veteran's Administration" in arriving at its decision. Pl. Opp. p. 9. The administrative record demonstrates that plaintiff's claim is without merit. The ABCMR clearly reviewed plaintiff's medical reports and the statements he provided from the VA as the board discussed these documents in its memorandum of consideration. AR 307-308. The ABCMR simply did not find this evidence persuasive in light of contradictory evidence of record regarding Plaintiff's actions at that time.

Plaintiff alleges that the ABCMR's reliance upon his four periods of AWOL totaling 340 days was improper because he was coerced into subsequent periods of AWOL by the attorney that provided him chapter 10 counseling in December 1970 and the command at Fort Dix. Pl.

Opp. p. 38. Plaintiff did not raise the argument regarding the supposed advice of Captain Chrisman before the ABCMR, therefore the Court should not now consider the issue. Regardless however, as argued above, Plaintiff's assertion that he went AWOL the third and fourth time in order to obtain an administrative discharge as opposed to a court-martial is patently ridiculous. The ABCMR looked to the fact that it was Plaintiff who requested discharge from the Army, and found no evidence in the record to suggest that this request was coerced. AR 308.

Finally, Plaintiff alleges that the ABCMR's finding with regard to White v. Secretary of the Army, 878 F.2d 501 (D.C. Cir. 1989) is contrary to law. Pl. Opp. p. 40. While it is unfortunate that the ABCMR, a body of non-lawyers, misunderstood the court's holding in that case, their finding is not contrary to law as the case was in no way binding upon the board's decision. Moreover, as established in Defendant's prior brief, the decision in White is inapplicable to Plaintiff's case.

The ABCMR properly denied Plaintiff's requested relief as he failed to demonstrate any error or injustice with his discharge. The 2000 and 2004 decisions of the ABCMR were reasonable, lawful and based on substantial evidence, therefore they should be upheld.

## V. CONCLUSION

For the foregoing reasons, the Defendant respectfully requests that this Court dismiss Plaintiff's Complaint, in part, as set forth above, and enter judgment in favor of the Defendant on Plaintiff's remaining claims.

Respectfully submitted,

/s
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

/s
RUDOLPH C. CONTRERAS D.C. Bar No. 434122
Assistant United States Attorney

/s
KEVIN ROBITAILLE
Special Assistant United States Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C. 20530
202-353-9895

Of Counsel:

Major Rebecca E. Ausprung
U.S. Army Litigation Division
901 N. Stuart Street, Suite 400
Arlington, Virginia 22203-1837